**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADAN GODINEZ, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 23 C 4418 |
| | ) | |
| v. | ) | |
| | ) | Judge Jorge L. Alonso |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

In February 2018, Petitioner, Adan Godinez, pleaded guilty to conspiring to distribute cocaine, 21 U.S.C. § 846, and discharging a firearm during and in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(iii). He later moved to withdraw his guilty plea, but, after a hearing, this Court denied the motion. Petitioner was sentenced to twenty-six years' imprisonment. Despite waiving his appellate rights in the plea agreement, Petitioner appealed, and the Seventh Circuit dismissed the appeal as barred by the waiver. Petitioner now moves to vacate the sentence under 28 U.S.C. § 2255 on grounds of ineffective assistance of counsel. For the following reasons, the Court denies the petition.

**I.   Background**

Facing serious drug and firearm charges arising out of a 2016 incident in which he met with an undercover officer to sell cocaine and fired a pistol at law enforcement officers, Petitioner entered into a plea agreement. The agreement provided that Petitioner "underst[ood] he is waiving all appellate issues that might have been available if he had exercised his right to trial," including "the right to appeal his conviction, any pre-trial rulings by the Court, and any part of the sentence (or the manner in which that sentence was determined), including any term of imprisonment and

fine within the maximums provided by law . . . in exchange for the concessions made by the United States in this Agreement." (Plea Agr. ¶ 24(c), *United States v. Godinez*, Case No. 16 CR 554 (N.D. Ill. Feb. 20, 2018), ECF No. 94.)[1]

At a change-of-plea hearing on February 20, 2018, the Court conducted a colloquy under Federal Rule of Criminal Procedure 11(b), during which it placed Petitioner under oath, asked him numerous questions to ascertain whether he had fully discussed the change of plea with his attorneys and was satisfied with their advice, informed him of the trial and appellate rights he was giving up, and asked him directly whether the change of plea was Petitioner's own free and voluntary decision. He answered that he had discussed the matter with his attorneys, he was satisfied with their representation, and it was his decision to plead guilty. The government recited the factual basis for the guilty plea, which included evidence that Petitioner had corresponded with an undercover DEA Task Force Officer to arrange to sell him two kilograms of cocaine, met the undercover officer at a shopping mall to complete the transaction, and then fired gunshots at law enforcement officers as they approached. Petitioner asked for a moment to speak to his lawyers, and then he informed the Court that he agreed with the government's recitation of the facts. The Court accepted his guilty plea. (*See* Feb. 20, 2018 Hr'g Tr., Criminal Case ECF No. 128.)

Petitioner's counsel moved to withdraw from the representation in June 2018, citing irreconcilable differences arising out of the plea negotiations and subsequent agreement. The Court granted the motion, and Petitioner obtained new counsel. Petitioner filed a motion to withdraw his guilty plea in April 2019, and the Court scheduled an evidentiary hearing for July 19, 2019. On

---

[1] Hereafter, when citing court documents, the Court will cite to the docket of Petitioner's criminal case, Case No. 16 CR 554, by "Criminal Case ECF No.," and it will cite to the docket of the present case by "2255 ECF No." It will cite to the docket of Petitioner's case on direct appeal by "Appellate Case ECF No."

that date, however, Petitioner withdrew the motion, informing the Court that he had discussed it with his counsel, who had advised him not to proceed with the motion, and he understood that the plea agreement had resulted in a massive reduction in the mandatory minimum sentence he faced, from thirty-five to fifteen years. (Jul. 19, 2019 Hr'g Tr., Criminal Case ECF No. 186.)

After changing counsel again, Petitioner filed a renewed motion to withdraw his guilty plea, arguing that he was actually innocent and had been entrapped, and that he had told his former counsel of facts that would support an entrapment defense, but counsel did not discuss the defense with him prior to his change of plea. His entrapment theory was that a co-worker who had introduced him to the undercover officer had a preexisting relationship with law enforcement, and he had improperly induced Petitioner to commit the crime, pressuring him through persistent efforts and by leveraging his seniority at work.

Geoffrey Meyer and Sergio Rodriguez, the attorneys who represented Petitioner at the time of the plea agreement, testified at an evidentiary hearing on January 15, 2021. They informed the Court that, prior to Petitioner's change of plea, they had provided the government with the password to Petitioner's phone in order to retrieve data to assess the viability of an entrapment defense. Then, they reviewed the resulting evidence of calls and text messages between Petitioner and the co-worker, and they concluded that the evidence did not support an entrapment defense. They explained to Petitioner the reasons for their conclusion, including by going over with him the Seventh Circuit pattern jury instruction on entrapment. (Jan. 15, 2021 Hr'g Tr., Criminal Case ECF No. 269.) At a continued hearing on March 12, 2021, this Court denied the motion to withdraw the guilty plea, finding that Petitioner's former counsel had testified credibly, and the evidence showed that Petitioner had effective assistance of counsel when he decided to plead guilty. The Court concluded that, based on the evidence and on the Rule 11 colloquy it had

3

conducted, the guilty plea was knowing and voluntary. Further, the Court concluded that there was no basis for withdrawing the guilty plea based on actual innocence because the evidence, including the records of Petitioners' communications with the co-worker, showed that Petitioner was predisposed to commit the crime and did not support an entrapment defense. (Mar. 12, 2021 Hr'g Tr., Criminal Case ECF No. 232.)

Following sentencing, Petitioner filed an appeal, arguing that the appellate waiver in his plea agreement should not be enforced because his guilty plea was the product of undue pressure exerted on him by counsel and therefore was not knowing and voluntary. The Seventh Circuit explained that Petitioner had "made a similar argument in the district court" as to the voluntariness of his plea, but this Court had rejected it, concluding, based on a hearing at which Petitioner's former counsel testified, that Petitioner had received "sound" advice from counsel about the entrapment defense, he was "satisfied" with it at the time, and he was not "coerced into pleading guilty." *United States v. Godinez*, No. 21-2178, 2022 WL 2662142, at *1 (7th Cir. July 11, 2022). Petitioner complained that this Court erred by failing to ask "more narrative questions and fewer yes/no questions when taking the plea," but the Seventh Circuit recognized that he did not cite "any authority for the proposition that the Constitution requires open-ended questions as a condition of a voluntary plea," and any such "issues . . . do not concern the plea's voluntariness." *Id.* The Seventh Circuit concluded that there was no "error or abuse of discretion by the district judge," so it enforced the appellate waiver and dismissed the appeal. *Id.* This petition followed.

**II.    Legal Standards**

Section 2255 allows a prisoner to move to vacate a sentence imposed "in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A prisoner is entitled to relief "[i]f the court finds that . . . there has been such a denial or infringement of the constitutional rights of

4

the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255(b). "[R]elief under § 2255 is available only in extraordinary situations, such as an error of constitutional or jurisdictional magnitude or where a fundamental defect has occurred which results in a complete miscarriage of justice." *Hanson v. United States*, 941 F.3d 874, 876 (7th Cir. 2019) (internal quotation marks and citations omitted).

"A voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." *United States v. Broce*, 488 U.S. 563, 574 (1989) (cleaned up). If, however, "a defendant's guilty plea is not equally voluntary and knowing, it has been obtained in violation of due process and is therefore void." *McCarthy v. United States*, 394 U.S. 459, 466 (1969). And a plea "cannot be 'knowing and voluntary' if it resulted from ineffective assistance of counsel." *Hurlow v. United States*, 726 F.3d 958, 967 (7th Cir. 2013); *see Broce*, 488 U.S. at 574, *United States v. Jansen*, 884 F.3d 649, 655 (7th Cir. 2018) (citing *Lafler v. Cooper*, 566 U.S. 156, 165 (2012)). An attorney's assistance is constitutionally ineffective if (1) his performance is so deficient that it "falls 'below an objective standard of reasonableness,'" and (2) the defendant suffers prejudice because "'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Adeyanju v. Wiersma*, 12 F.4th 669, 673 (7th Cir. 2021) (quoting *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984)). In the context of a guilty plea, "[t]he prejudice component focuses on whether counsel's constitutionally deficient performance affected the outcome of the plea process. It requires the defendant to 'show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded [guilty] and would have insisted on going to trial.'" *United States v. Cieslowski*, 410 F.3d 353, 359 (7th Cir. 2005) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

In the early stages of a § 2255 proceeding, the district court "must review the answer, any transcripts and records of prior proceedings" and any submitted materials "to determine whether an evidentiary hearing is warranted." Rule 8(a) of the Federal Rules for § 2255 Proceedings. If these materials "conclusively demonstrate[]" that the petitioner "is entitled to no relief," then the judge "should dismiss the petition without a hearing." *Menzer v. United States*, 200 F.3d 1000, 1006 (7th Cir. 2000) (internal quotation marks omitted). "[S]ummary dismissal of section 2255 motions is encouraged in appropriate cases . . . [because] 'to allow indiscriminate hearings in federal post-conviction proceedings would eliminate the chief virtues of the justice system—speed, economy and finality.'" *United States v. Delgado*, 936 F.2d 303, 309 (7th Cir. 1991) (quoting *Liss v. United States*, 915 F.2d 287, 290 (7th Cir. 1990)), *abrogated on other grounds by United States v. Thompson*, 944 F.2d 1331 (7th Cir. 1991).

**III. Discussion**

Petitioner presents three grounds for relief: (1) he entered into the plea agreement not knowingly and voluntarily but only due to pressure from his counsel, who were constitutionally ineffective because they did not fully explore all defenses, including entrapment; (2) his former counsel provided constitutionally ineffective assistance when they advised him to give up his appellate rights by signing a plea agreement that contained an appellate waiver; and (3) his former counsel provided ineffective assistance at the Rule 11 colloquy by failing to object to the Court's defective questioning, which included numerous yes-or-no questions, but none that required a more detailed response as to the factual basis for the plea. Petitioner asks the Court to vacate his guilty plea and "set the case for trial" due to the ineffective assistance of counsel. (Pet'r's Mem. at 1, 2255 ECF No. 1 at 8.) The Court will start with the first and third grounds, which were also addressed by the appellate court, and save the second ground, regarding the appeal waiver, for last.

### A. Whether The Guilty Plea Resulted From Counsel's Ineffective Assistance in Assessing Defenses

As an initial matter, the petition reads as if Petitioner expects the Court to "start from scratch on collateral review" in considering the voluntariness of his plea, but this issue has already been resolved, and Petitioner cannot "ask the judiciary to proceed as if the first resolution had not occurred." *Peoples v. United States*, 403 F.3d 844, 847 (7th Cir. 2005). "Invoking the doctrine of the law of the case, the courts . . . forbid a prisoner to relitigate in a collateral proceeding an issue that was decided on his direct appeal." *White v. United States*, 371 F.3d 900, 902 (7th Cir. 2004) Although claims of ineffective assistance (unlike other constitutional claims) are "never forfeit[ed] . . . by waiting until collateral attack," *id.* (citing *Massaro v. United States*, 538 U.S. 500, 508-09 (2003)), it does not follow that they "may be raised *twice*, once on direct appeal and again on collateral review." *Peoples*, 403 F.3d at 847; *see Fuller v. United States*, 398 F.3d 644, 649 (7th Cir. 2005). The "initial federal determination controls in subsequent rounds of review if '(1) the same ground . . . was determined adversely to the applicant . . . (2) the prior determination was on the merits, and (3) the ends of justice would not be served by reaching the merits of the subsequent application." *Peoples*, 403 F.3d at 847 (quoting *Sanders v. United States*, 373 U.S. 1, 16 (1963)). The Seventh Circuit has already considered Petitioner's arguments that his guilty plea was not knowing and voluntary due to counsel's alleged inadequacy and that the Rule 11 colloquy did not suffice to ensure otherwise because of the alleged overuse of yes-or-no questions; it rejected them. *Godinez*, 2022 WL 2662142, at *1. Petitioner asks the Court not only to retrace its own steps but also to reconsider an issue the Seventh Circuit has already addressed. The Court is not inclined to retread territory it has already covered, at least not without new evidence or some other some good reason, which Petitioner has not provided. And, without some such "good reason," the Court does

not consider itself at liberty—much less inclined—to second-guess the Seventh Circuit. *Fuller*, 398 F.3d at 648 (internal quotation marks omitted).

True, the issues are framed slightly differently in the present petition than they were on direct appeal. In his counseled reply[2] brief on direct appeal, Petitioner took pains to emphasize that his opening brief never cited *Strickland v. Washington*, 466 U.S. at 687-88, the case that established the two-prong test for ineffective assistance of counsel, nor had he even used the word "ineffective," much less raised a claim of constitutionally ineffective assistance under *Strickland*. (Appellant's Reply Br. at 5, No. 21-2178 (7th Cir. May 20, 2022), Appellate Case ECF No. 38.) Petitioner purported to have raised only a single issue on direct appeal: whether the plea agreement was knowing and voluntary. Though the pressure placed on him by counsel was a cornerstone of his argument, he contended that this was only one factor, in the totality of the circumstances, along with the Rule 11 colloquy, that led to the conclusion that his guilty plea was not knowing and voluntary. (*Id.*) Here, by contrast, Petitioner explicitly frames all three grounds for relief as theories of ineffective assistance of counsel.

But the issues of voluntariness and ineffective assistance cannot be disentangled so easily. Petitioner argued on direct appeal that his plea was not knowing and voluntary because it was the product of counsel's poor performance, and if counsel's performance had been better he would not have pleaded guilty. He may not have cited *Strickland*, but what he argued on appeal is almost exactly what he would have had to argue to make out a constitutional claim of ineffective assistance of counsel under *Strickland*. *See United States v. Peleti*, 576 F.3d 377, 383 (7th Cir. 2009) (addressing issue of whether plea was involuntary due to ineffective assistance of counsel and applying the *Strickland* test (citing *United States v. Lundy*, 484 F.3d 480, 484 (7th Cir. 2007));

---

[2] Curiously, he has filed no reply in support of the present petition.

8

*id.* at 385 (explaining that, in the context of a guilty plea, a claim of ineffective assistance requires a showing of deficient performance as well as "a reasonable probability that [the defendant] would not have pleaded guilty but for the ineffective assistance").

The Court has little trouble concluding that these are the same grounds. A "ground" is "'simply a sufficient legal basis for granting the relief sought by the applicant.'" *Peoples*, 403 F.3d at 848 (quoting *Sanders*, 373 U.S. at 16). Not only might "identical grounds" be proved "by different factual allegations," they "may often be supported by different legal arguments, or be couched in different language, or vary in immaterial respects." *Sanders*, 373 U.S. at 16 (internal citations omitted). That Petitioner presently places more emphasis on the performance of counsel and less on his own knowledge and will at the time of his guilty plea does not mean he is raising a different ground; the difference on direct appeal was little more than that the emphasis was reversed. *See Peoples*, 403 F.3d at 846-47 ("Treating new arguments as grounds for a second decision would . . . in practical effect abandon the doctrine [of law of the case]."). To the extent Petitioner is claiming that counsel's ineffective assistance in failing to properly evaluate the entrapment defense induced him to plead guilty and prevented him from entering a knowing and voluntary plea, he has already litigated this ground before this Court and on direct appeal. The Court is not inclined to reconsider it, given that Petitioner makes no showing that there is any "good reason" why the ends of justice require reconsideration. *Peoples*, 403 F.3d at 848; *Fuller*, 398 F.3d at 648; *see United States v. Bethany*, 975 F.3d 642, 651 (7th Cir. 2020) (citing *White*, 371 F.3d at 902).

Other district courts have similarly refused to permit § 2255 petitioners to take "another bite at the apple," *see United States v. Villegas*, No. 13 C 429, 2014 WL 151539, at *4 (N.D. Ill. Jan. 15, 2014), and "re-litigate issues which were decided on direct appeal . . . by attempting to

9

reformulate them under the ineffective assistance of counsel label." *Tucker v. United States*, No. 09-CR-131, 2016 WL 6637957, at *7 (E.D. Wis. Nov. 9, 2016), *aff'd,* 889 F.3d 881 (7th Cir. 2018); *see Garcia v. United States*, No. 16 CV 859, 2017 WL 1095053, at *5-6 (N.D. Ill. Mar. 22, 2017); *United States v. Gemple*, No. 1:16-CR-47-3-TLS-SLC, 2022 WL 2208931, at *3 (N.D. Ind. June 17, 2022); *see also United States v. Gomes*, No. 10-10434-GAO, 2016 WL 1642571, at *1 (D. Mass. Apr. 25, 2016) ("The substantive issue . . . was considered by the First Circuit and determined to be frivolous. [Petitioner] cannot re-litigate that issue under the guise of ineffective assistance of counsel."); *Dowdell v. United States*, 859 F. Supp. 2d 176, 179 (D. Mass. 2012) ("It is settled law that a petitioner may not revive claims already decided on direct appeal by cloaking them in 'ineffective assistance of counsel' garb in a § 2255 petition.") (citing *United States v. Michaud*, 901 F.2d 5, 6 (1st Cir. 1990) ("[C]laims raised in the § 2255 motion were decided on direct appeal and may not be relitigated under a different label on collateral review."), and *Ruiz v. United States*, 221 F. Supp. 2d 66, 86 (D. Mass. 2002) *aff'd,* 339 F.3d 39 (1st Cir. 2003)); *United States v. Gonzagowski*, No. 21 CR 20005, 2024 WL 1667725, at *5 (W.D. Ark. Feb. 7, 2024) ("Gonzagowski has already litigated on direct appeal whether his guilty plea was knowing and voluntary because of the Court's alleged failure to inform him of [one of the elements of the crime]. The Eighth Circuit ruled against him. Now he claims it was his attorney's failure to advise him of the [same element]. This presents the same underlying legal issue – whether his guilty plea was knowing and voluntary – that was decided adversely to him on direct appeal."). The Court finds these decisions persuasive.

But even if the Court assumes that the law-of-the-case doctrine does not even potentially apply and instead "start[s] from scratch," *Peoples*, 403 F.3d at 847, it ends up in the same place because there is (and remains) no plausible basis for concluding that counsel's performance was

deficient or that there is a reasonable probability that Petitioner would have proceeded to trial if he had been better advised by counsel—just as the Court previously ruled. *See Peleti*, 576 F.3d at 385. (*See* Mar. 12, 2021 Hr'g Tr. at 29:21-30:5, Criminal Case ECF No. 232 (citing *Peleti*)). This Court held an evidentiary hearing and concluded that Petitioner's guilty plea was knowing and voluntary, as counsel credibly testified that they diligently investigated the entrapment defense and reasonably advised Petitioner that it was not likely to succeed, and the Seventh Circuit affirmed the Court's ruling. Petitioner has not pointed to any potentially material facts that were not available or not appreciated at the time of those earlier decisions and that might lead to a different result now. *See Santos v. United States*, 298 F. App'x 519, 523-24 (7th Cir. 2008). With the Seventh Circuit having affirmed the Court's ruling not only that Petitioner's guilty plea was knowing and voluntary, as Petitioner "twice stated under oath that he was satisfied with his lawyers' assistance," but also that no entrapment defense was available to him because he had shown he was predisposed to commit the crime, *Godinez*, 2022 WL 2662142, at *1, Petitioner cannot demonstrate that that he suffered prejudice from any deficient performance by counsel in their assessment or explanation of entrapment. *See Villegas*, 2014 WL 151539, at *4 ("But even if these arguments are properly recast as ineffective assistance of counsel claims, they would fail on the merits. . . . [Petitioner] cannot show that his trial counsel's failure . . . created sufficient prejudice to satisfy the *Strickland* test."), *id.* at *7; *see Gomes*, 2016 WL 1642571, at *1 (reasoning that, because there "were no non-frivolous arguments to be made," given the appellate court's decision, "it cannot have been deficient representation by counsel not to have made them"); *see also Dowdell*, 859 F. Supp. 2d at 179 (explaining that "petitioner could not demonstrate the requisite prejudice to establish his ineffective assistance of counsel claim because" the appellate court ruled that the issue the petitioner believes counsel should have raised was meritless).

11

Petitioner briefly mentions a couple of other potential avenues of inquiry counsel might have pursued, such as self-defense or an investigating agent's later legal troubles. But he does not explain in any detail, and the Court does not see, how these issues might have led to a different result. Petitioner must do more than "speculat[e]" that counsel could have miraculously changed the course of events by turning up some sort of silver-bullet evidence or argument if he had taken a different tack. *See Tucker*, 2016 WL 6637957, at *10 (citing *United States v. Ashimi*, 932 F.2d 643, 649 (7th Cir. 1991), and *U.S. ex rel. Partee v. Lane*, 926 F.2d 694, 701 (7th Cir. 1991)). This is not a case in which the petitioner has pointed to particular evidence that might have formed the basis for a sound defense if counsel had rendered a reasonable level of professional assistance prior to the guilty plea. *Cf. Lickers v. United States*, 98 F.4th 847, 856 (7th Cir. 2024); *see Santos*, 298 F. App'x at 523.

### B. Whether The Guilty Plea Resulted From Counsel's Ineffective Assistance in Failing to Object to Court's Questions During Rule 11 Colloquy

The same reasoning applies to Petitioner's similar argument that his plea was not knowing and voluntary because counsel stood by silently while this Court asked too many yes-or-no questions at the Rule 11 colloquy. The Seventh Circuit explained that the issue "do[es] not concern the plea's voluntariness," and it was not aware of "any authority for the proposition that the Constitution requires open-ended questions as a condition of a voluntary plea." *Godinez*, 2022 WL 2662142, at *1. As discussed above, this Court will not reexamine what the Seventh Circuit has already examined without "some good reason," *Fuller*, 398 F.3d at 648 (internal quotation marks omitted), which Petitioner has not provided. And recasting the claim as one of ineffective assistance of counsel gets Petitioner nowhere, for the same reasons set forth above: it does not transform the issue into a different ground for purposes of the law-of-the-case doctrine, and, alternatively, Petitioner has not made any plausible showing of a reasonable probability that he

12

would not have proceeded to plead guilty if the Court had asked more open-ended questions. Without more specificity, the Court is unable to identify anything to suggest that, if it were to hold another evidentiary hearing, the proceeding would turn out any differently than it did in 2021. As the Court explained in its ruling on March 12, 2021, Petitioner has not raised any issues that he was not aware of when he chose to plead guilty in 2018, so the Court is not persuaded that he might plausibly have proceeded differently if counsel or the Court had modified their approach in the ways he suggests. *Cf. United States v. Groll*, 992 F.2d 755, 760 (7th Cir. 1993). Any such changes would have been insignificant and incapable of changing the course of events, and therefore could not have prejudiced Petitioner under the second prong of the *Strickland* test.

### C. Whether The Guilty Plea Resulted From Counsel's Ineffective Assistance Regarding Appellate Waiver

That leaves only Petitioner's argument that counsel provided ineffective assistance by advising him to enter into a plea agreement with an appellate waiver. Unlike the others, this does appear to be at least a new argument that Petitioner did not raise before this Court or on direct appeal. It does not necessarily follow that it is a different ground for purposes of the law-of-the-case doctrine. *Peoples*, 403 F.3d at 847-48 ("Although Peoples now wants to present new instances of supposed shortcomings, ineffective assistance of counsel is a single ground for relief no matter how many failings the lawyer may have displayed."). But even assuming it is a different ground, it fails for the same reason the others did: the appellate waiver was part of a knowing and voluntary plea agreement, and Petitioner cannot satisfy either prong of the *Strickland* test.

As is implicit in the Seventh Circuit's decision to enforce the waiver and dismiss the direct appeal, the mere existence of an appellate waiver in a plea agreement, by itself, does not establish ineffective assistance of counsel. "Generally speaking, appeal waivers are enforceable and preclude appellate review." *United States v. Worthen*, 842 F.3d 552, 554 (7th Cir. 2016); *see*

13

*United States v. Sines*, 303 F.3d 793, 798 (7th Cir. 2002) ("This court has held many times that a voluntary and knowing waiver of an appeal is valid and must be enforced."). As the Seventh Circuit stated on direct appeal, "[t]he validity of a waiver stands or falls with the validity of the plea." *Godinez*, 2022 WL 2662142, at *1 (citing *United States v. Wenger*, 58 F.3d 280, 282 (7th Cir. 1995)). Again, this Court and the Seventh Circuit have already concluded that Petitioner's guilty plea was knowing and voluntary, recognizing that the agreement represented a significant concession from the government: the reduction of the minimum sentence Petitioner faced by some twenty years. The availability of such compromises benefits criminal defendants—but only if they are held to them: "Empty promises are worthless promises; if defendants could retract their waivers . . . then they could not obtain concessions by promising not to appeal." *Wenger*, 58 F.3d at 282. Petitioner has not raised any special circumstances that might make the appellate waiver here imprudent or unfair, unlike in the case Petitioner cites, *United States v. Funez-Osorto*, 445 F. Supp. 3d 103, 109 (N.D. Cal. 2020), which concerned not an appellate waiver but a partial waiver of the right to seek compassionate release under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), during the COVID-19 pandemic. And in any event, the Seventh Circuit expressly disagreed with the *Funez-Osorto* decision in *United States v. Bridgewater*, 995 F.3d 591, 600 (7th Cir. 2021). In short, an appellate waiver is well recognized as a useful tool for obtaining concessions from the government in a plea agreement. Given that the appellate waiver here functioned in precisely that way, the Court sees no plausible basis on which it might conclude that advising Petitioner to waive his appellate rights amounted to ineffective assistance of counsel.

For the foregoing reasons, the petition is denied. Petitioner is advised that this is a final decision ending his case in this Court. If Petitioner wishes to appeal, he must file a notice of appeal with this Court within 60 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1)(B)(i).

14

Petitioner need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Petitioner wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. See Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. See Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. See Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. See Fed. R. App. P. 4(a)(4)(A)(vi).

Because the Court concludes that Petitioner has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability. Petitioner has not demonstrated that reasonable jurists would find this Court's assessment of his constitutional claims debatable. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). Rule 11(a) of the Rules for Section 2255 Proceedings provides that a party "may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."

## CONCLUSION

Petitioner's motion [1] to vacate sentence is denied without a hearing, and this case is dismissed. The Court declines to issue a certificate of appealability. Judgment shall enter in favor of the United States and against Petitioner. Civil case terminated.

SO ORDERED. ENTERED: 9/12/2025

**JORGE L. ALONSO**
**United States District Judge**